May it please the court, I'm Gregory Hughes, representing appellant Charles Schrader. This case grows out of a $1.4 million judgment obtained by Mr. Schrader against Narinder Sangha. Mr. Sangha intentionally gave false information in connection with a background check for Mr. Schrader's application to become a fireman. This led to a California lawsuit for slander. After Mr. Sangha's answer to the complaint was stricken for discovery abuses, he failed to file any response to an amended complaint. Mr. Schrader sought default. At the default prove-up hearing, he proved the necessary allegations of the amended complaint and judgment was entered. It was for $1.4 million. Included in the judgment were $6,000 in punitive damages. That doesn't sound like a lot, but the award of punitive damages is actually very critical to this appeal. Mr. Sangha filed bankruptcy. In turn, Mr. Schrader filed a pro-per complaint to have the judgment declared non-dischargeable under Section 523A6 of the Bankruptcy Code as being based on a willful and malicious injury. The Bankruptcy Court granted summary judgment. That decision was overturned by the BAP, and so here we are. Well, let's talk about jurisdiction first and whether we even have the ability to hear this case. Sure. Can you talk to us about that? All right. The BAP remanded the case to the Bankruptcy Court. It was not remanded for further findings of fact. It was remanded simply because that's what has to happen when summary judgment is reversed. Mr. Schrader has never had a trial as yet, so it had to be remanded. This case falls outside the rule that says that when a case is remanded for further factual findings, this court doesn't have jurisdiction. The case of King v. Stanton, which we cited, makes the distinction very clearly between a reversal, which is final and is appealable, and a reversal for additional fact-finding, which is not final and not appealable. All right. So what factual findings were made over in the state court proceeding? The state court entered judgment following a prove-up hearing. There were no specific findings because it was a default hearing. What we have then is the state court complaint and the judgment on which the Bankruptcy Court relied for its determination that summary judgment was appropriate on issue preclusion grounds. So what are you seeking from us? What's the ruling you want to see coming out of the circuit? The ruling is to reverse the BAP and affirm the decision of the Bankruptcy Court. And what's your main best argument for that? Because it seems like this case of Plylum applies here. Legally, Plyum is correct. We're not challenging Plyum. But it doesn't apply because this is not a case where there was any ambiguity about the reason for the state court award of punitive damages. There was no ambiguity because the only basis for the award of punitive damages had to be intentional malice. Why do you say that? Because it doesn't seem like that's, it seems like the Bankruptcy Court just gave that state court judgment preclusive effect. Where are you seeing that the Bankruptcy Court found something independent of that? Well, the Bankruptcy Court relied on the award of punitive damages and didn't delve any deeper. We're saying that it's the award of punitive damages plus the state court complaint. Because the default judgment is limited to the four corners of the state court complaint. And based on that state court complaint, which alleged only an intent to injure Mr. Schrader, that defines the default judgment. But that's why I'm asking, you know, what significance does the punitive damages award by the California court have? Because you're pointing to that. Are there any findings that necessarily made, that were made when the awarding punitive damages? No. Okay. But they're not necessary under this court's prior authorities. It's enough to look at the complaint and the judgment. So you're saying we look to the allegations of the state complaint. But I guess my question is, why wouldn't we send this to the Bankruptcy Court to do that in the first instance? It's de novo review. And you are in as good a position as the BAP or the Bankruptcy Court to make that determination. All you're doing is looking at the complaint and the judgment. That's not something that the Bankruptcy Court has to do. It was summary judgment. The Bankruptcy Court found that there were no disputed issues of fact. You're reviewing this de novo, which means essentially you're in the position of the trial court. If there are no more questions, I— Well, the— Yes, sir. Now, the state court awarded punitive damages. Yes. There's no doubt about that. All right. Then when it came to the termination of willful intent under 523A6, your argument is, as I understand it, that that satisfies—that punitive damage award satisfies the willful intent under the code. Yes. As long as— That's your problem, huh? The standard under 523A6 is willful intent. And you don't have to show willful intent in order to get punitive damages. So there's a failure of proof. Yes. And so what we need to do is send it back because we're really involved here in a question of law. We need to send it back to the Bankruptcy Court to have them make that determination in the first instance. Well, that's what the BAP did, I take it. Yes. And that's not what you want because you— Well— You say that, if I understand it, one of your arguments is that the State Court actually necessarily had to decide that this was willful malice. I'm sorry, Your Honor. Isn't it your position that this doesn't have—that the Bankruptcy Court was correct? Yes. And it ruled that this—and that the State Court found that it was willful malice? Yes. Not necessarily that the Bankruptcy Court analyzed the State Court complaint. But when you analyze the State Court complaint, the only possible conclusion is that the award of punitive damages had to be based on a determination of intentional malice. And you can make that decision. That's your position? Yes. And we can make that decision because it's a question of law? Yes. All right. I'd like to reserve the balance of my time. Okay. Thank you. May it please the Court, good morning, Your Honors. Dipali Milley Joshi on behalf of Apelli Narenderthal Senghaw. This case pretty much boils down to the core issues of dischargeability, willful malice— Would you mind please speaking again? Sorry, Your Honor. I've been told I'm a little soft-spoken the entire time. Also, pull the microphone down a little bit. Okay. Is that better? Because it's recorded and you're on camera now, too. Well, I hope I look pretty enough. Your Honors, I believe that this matter boils down to the issues that were just discussed when Mr. Hughes was presenting his oral argument. To that, I have very little to add, actually. Well, then let's take it right—because apparently, I think you both are on the same page, it sounds like, today, in that the bankruptcy court issued a—gave preclusive effect. A BAP has said pylon has come in, and the bankruptcy court can't do that. So the bankruptcy court said send it back so that the—the BAP said send it back so the bankruptcy court can make a finding of willfulness. Is that right? Yes, Your Honor. But Mr.—I'm sorry—Hughes is saying we don't need to do that because we can make that determination without sending it back, according to Mr. Hughes. What's your position? Well, Your Honor, I would say that this court would be able to make that determination had there not been so many questionable events during the state court litigation. As discussed in the briefs, Mr. Sengha, unfortunately, hired the wrong attorney, an attorney who disappeared on him, lied to him about progress on the case, and it is a direct result of this attorney's inaction that the default judgment, terminating sanctions, all of that arose. Also, if you look to the docket of the state court case, the amended complaint was filed after terminating sanctions was granted, but there's no evidence that that was actually served upon my client or his absentee attorney at the time. And furthermore, what was brought up in the underlying bankruptcy case and also at the BAP hearing, there is very strong evidence that Mr. Schrader's injury was, in fact, a result of his own actions and not those of my client. There is a protective order that we've been waiting to get filled from the city of San Jose that shows that he failed his psychological exam because of his own psych test, not because of statements made by Mr. Sengha. And this, in fact, would be the source of his injury and not the statements made by my client. But we can't re-litigate the state court case. No, Your Honor, and I'm not asking that the issue be re-litigated, but when we're getting down to the issue of willfulness, a willful and malicious injury, I believe that the bankruptcy court does have the purview to look to other evidence, at least in an evidentiary hearing or in looking at the summary judgment defense, if they were not to consider that outside evidence, I don't think that there would be an additional acceptance for the bankruptcy court to use their own judgment in determining whether or not there should be preclusive effect. So, I guess on remand, is it likely that the bankruptcy court will conclude that a willful and malicious injury did not take place there? I believe it all rests upon whether or not we can have that subpoena fulfilled to get the mental health records from the city of San Jose. And so, it sounds like you disagree with Mr. Hughes that the BAP or we should look at the allegation in Schrader's complaint in the state court proceeding first. Yes, Your Honor. Why? I mean, for the same reasons you've just been discussing, that there's questions regarding the facts based on the litigation? Yes, Your Honor. And do you agree we have jurisdiction? Yes, Your Honor. It seems like the, if I understand it correctly, the BAP held that malice in the context of punitive damages in California consists of behavior that did not rise to the level of willful conduct. Is that, do you agree with that? Yes, Your Honor. And so, what do you think could come out based on that? What could be, come from the review either by either court and affect the previous judgment? Well, I think it speaks to the very injury itself, the very source of this judgment. If the injury itself resulted from another action completely and not those of my client, then I think that speaks directly to how willful his actions were and how malicious they actually were. I don't quite understand. I thought that what the BAP did was ask the bankruptcy court to look at what the effect of the state court judgment actually was, not to determine what the underlying conduct was. You're correct, Your Honor. And you want us now to order the BAP to tell the bankruptcy court to examine the conduct and get the medical records and all of that? No, Your Honor. I agree with the BAP's decision, and I agree with it being remanded to the bankruptcy court. I mean, as stated before, it's not a reversal. It just gives us another fighting chance in the bankruptcy court to bring up something that we were trying to bring up all along but were denied a continuance to be able to prepare a defense. Well, and the BAP also did say, I mean, it's possible that the bankruptcy court could give it preclusive effect. Is that right? That is true, yes, Your Honor. So you understand that possibility? I do. But you think it should go back to the bankruptcy court? I do. If there are no further questions, I'd like to submit the case. Yes, Your Honor. Thank you. I don't have much time, so I'll be very quick. Full faith and credit, which binds this court, demands that preclusive effect be given to the state court judgment. Assuming that the standards are met, we cannot relitigate the state court action. We can't relitigate the injury. No, but the BAP's conclusion that the bankruptcy court erred, you know, I think was probably correct and should be affirmed, but the question is whether, you know, the BAP was also correct in that issue preclusion may still apply but only after a more considered evaluation because the bankruptcy court didn't really consider more than the state judgment was issued and therefore gave it preclusive effect without looking at anything further. So you disagree with that? No, I just submit that the BAP erred in not looking at the state court complaint. Itself. Right, because that would define. It alleged only willful malice. Intent to injure. That's right. And because of that, you can decide this. One thing that's important is that you are reviewing the bankruptcy court's decision, not the BAP's decision. We've been talking about the BAP, but the way that this is teed up, the standard is to review the bankruptcy court, and you can affirm on any grounds fairly presented by the record. The record here contains the complaint and the judgment, and you can make your determination on that basis. Or we can send it back to the BAP. But you don't think that's necessary? I don't think it's necessary. We just wind up litigating over it. I said the BAP. I meant the bankruptcy court. Right. Got it. Well, thank you. I appreciate it. Thank you. Thank you both for your arguments. Very helpful. The case of Schrader v. Shanghai is now submitted.
judges: Schroeder, Pregerson, Murguia